Willmore F. Holbrow, III (SB# 169688)
bill_holbrow@bstz.com
James W. Ahn (SB#243335)
james_ahn@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel:  (310) 207-3800
Fax:  (310) 820-5988

Attorneys for Plaintiff HEALTH IN MOTION, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HEALTH IN MOTION, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>INSPIRE FITNESS, INC., a New Jersey Corporation,<br><br>Defendants. | Case No: 16-5633<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TRADEMARK CANCELLATION**<br><br>**[DEMAND FOR JURY TRIAL]** |

1

## JURISDICTION, VENUE AND PARTIES

1. This is an action for preliminary and permanent injunctive relief and for damages arising from INSPIRE FITNESS, INC.'s, a New Jersey Corporation ("Defendant"), infringement of Plaintiff HEALTH IN MOTION, LLC's ("Plaintiff" or "HIM") trademarks, Defendant's violation of 15 U.S.C. §§1114 and 1125(a), for trademark infringement, passing off, and unfair competition under the common law and the laws of the State of California, cancellation of federally registered certification trademarks pursuant to 15 U.S.C. § 1064, and for relief in equity.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), 15 U.S.C. §1121, and 15 U.S.C. §1119.

3. Plaintiff is California limited liability company having its principal place of business at 255 Airport Circle, Suite 101, Corona, California 92880.

4. Plaintiff is informed and believes that at all times material hereto, Defendant has its principal place of business at 155 Woodport Road, Sparta, New Jersey 07871.

5. This Court has personal jurisdiction over Defendant, as Defendant's conduct directly affects Plaintiff which resides in this judicial district and this Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq.

6. Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant are subject to personal jurisdiction in this District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff is a well-known exercise equipment company in this District and various other districts and is known in the marketplace as "Inspire Fitness."

8. In light of its longstanding use of INSPIRE FITNESS as a trademark ("INSPIRE FITNESS MARK"), since at least as early as 2005, in connection with a

1  wide array of exercise fitness products and services, it has created a significant
2  amount of secondary meaning, goodwill and consumer recognition in the INSPIRE
3  FITNESS MARK.
4      9.    Plaintiff is also the owner of U.S. Trademark Registration No.
5  4,555,908 registered on the principal register on June 24, 2014 ("Plaintiff's
6  Registration"), for INSPIRE ("INSPIRE MARK") for use on exercise equipment
7  (The INSPIRE MARK and the INSPIRE FITNESS MARK are collectively referred
8  to as the "INSPIRE MARKS").  The Plaintiff's Registration was filed on November
9  14, 2013, with December 1, 2005 as the date of first use and first use in commerce.
10     10.    From at least as early as 2005 to the present, Plaintiff began using the
11 INSPIRE MARKS, well before Defendant's use complained of herein, in connection
12 with various exercise products and services, thereby creating secondary meaning
13 and an association, in the minds of purchasers, between Plaintiff and the INSPIRE
14 MARKS.
15     11.    Defendant is providing gym and fitness related services under the
16 trademark "Inspire Fitness" and marketing their services through the same or similar
17 channels as Plaintiff markets its goods/services, including without limitation over
18 the internet.
19     12.    Defendant's services, which feature the INSPIRE MARKS, are such
20 that prospective purchasers or consumers of the services of Defendant and the
21 goods/services of Plaintiff are likely to be confused as to source.
22     13.    Defendant's use in commerce of the INSPIRE MARKS is causing and
23 is likely to cause confusion, deception and mistake in the minds of the public with
24 respect to the origin and source of the goods and services.
25     14.    Defendant is the owner of U.S. Trademark Registration No. 4,746, 124
26 registered on the principal register on June 2, 2015 ("Defendant's Registration") for
27 "Inspire Fitness" for use in connection with "Personal fitness training services and
28 consultancy; Physical fitness instruction; Physical fitness studio services, namely,

providing group exercise instruction, equipment, and facilities; Providing assistance, personal training and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and exercise improvement in their daily living; Providing classes, workshops, seminars and camps in the field of physical fitness; Providing facilities for fitness training; Providing fitness and exercise facilities; Providing information in the field of exercise training; Providing information on physical exercise." The Defendant's Registration has a filing date of February 24, 2014, with March 2, 2011 as the date of first use and first use in commerce.   The Defendant's Registration is confusingly similar to the Plaintiff's Registration.

15.   Plaintiff is informed and believes that Defendant deliberately misappropriated Plaintiff's INSPIRE MARKS in order to trade upon the goodwill which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of such products and services, which in fact do not originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff. Defendant intentionally and knowingly misappropriated Plaintiff's INSPIRE MARKS with oppression and malice.

### FIRST CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT

16.   Plaintiff realleges and incorporates herein by reference paragraphs 1 to 15 above.

17.   Defendant's continued and unauthorized use of the INSPIRE MARKS constitutes trademark infringement under 15 U.S.C. §1114.

18.   Defendant's wrongful use in commerce of the INSPIRE MARKS is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendant's products and services and (ii) to deceive purchasers of such products into believing that Plaintiff controls the quality thereof and endorses the same.

19. Defendant's acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

20. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's trademarks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in further acts of trademark infringement.

21. Plaintiff is further entitled to recover from Defendant, damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of trademark infringement.

22. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of trademark infringement.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

23. Plaintiff realleges and hereby incorporates by reference paragraphs 1 to 22 above.

24. Defendant's actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

25. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to market services confusingly similar to Plaintiff's INSPIRE MARKS and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is

entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in further acts of false designation of origin.

26. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of false designation of origin.

27. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of false designation of origin.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION

28. Plaintiff hereby incorporates by reference paragraphs 1 to 27 above.

29. Defendant's actions constitute unfair competition under the common law.

30. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's INSPIRE MARKS and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with it from engaging in further acts of unfair competition.

31. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of unfair competition.

32. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of unfair competition.

33. Defendant has engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the public; Plaintiff is therefore entitled to punitive damages to deter Defendant and others from again engaging in such misconduct in an amount to be established at trial.

## FOURTH CAUSE OF ACTION
## TRADEMARK CANCELLATION

34. Plaintiff hereby incorporates by reference paragraphs 1 to 33 above.

35. Defendant's Registration should be cancelled pursuant to 15 U.S.C. §1064 because it is likely to cause confusion with Plaintiff's Registration, it is used in connection with similar and complimentary goods and services, Plaintiff's Registration precedes Defendant's Registration, and Plaintiff's use of the INSPIRE MARKS precedes Defendant's use of "Inspire Fitness."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. Finding that Defendant has violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Plaintiff's INSPIRE MARKS, have unfairly competed with Plaintiff by falsely designating the origin of its products and has engaged in other acts of unfair competition;

2. Ordering that Defendant and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

      a.      Offering for sale, soliciting sales, or selling any good or services in any product under any mark, name, symbol, logo, configuration or other indicia that incorporates or is confusingly similar to Plaintiff's INSPIRE MARKS;

      b.      Offering for sale, soliciting sales, or selling any gym and fitness center services, or any exercise equipment in any medium, under any mark, name, symbol, logo, configuration or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's products or services originate from Plaintiff, or that Defendant or its agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's INSPIRE MARKS;

      c.      Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's trademark or the goodwill associated therewith;

      d.      Infringing upon the INSPIRE MARKS;

      e.      Unfairly competing with Plaintiff in any manner whatsoever;

3.      Ordering that Plaintiff is the exclusive owner of the INSPIRE MARKS and that such mark is valid and enforceable;

4.      Ordering that Defendant deliver to Plaintiff for destruction all signs, products, advertisements, literature, and any other promotional material, including websites, which feature the INSPIRE MARKS or any other designs confusingly similar thereto;

5.      Ordering that Defendant account to Plaintiff for, and disgorge, all profits Defendant has derived by reason of the wrongful acts described above;

6.      Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of

Defendant's aforesaid acts of infringement in violation of Plaintiff's rights under the Lanham Act;

    7.    Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

    8.    Ordering that Defendant pay Plaintiff reasonable attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. §1117, and other and further legal and equitable relief as is just and proper;

    9.    Ordering that Defendant be directed under 15 U.S.C. §1116 to file with the Court and serve upon Plaintiff within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

    10.    Order the Director of the United States Patent and Trademark Office take prompt steps to immediately cancel the Defendant's Registration under 15 U.S.C. §1064;

    11.    Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

Dated: July 28, 2016

                      /s/Willmore F. Holbrow, III
                      Willmore F. Holbrow, III
                      James W. Ahn
                      BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
                      Attorneys for Plaintiff
                      HEALTH IN MOTION, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated: July 28, 2016

/s/Willmore F. Holbrow, III
Willmore F. Holbrow, III
James W. Ahn
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff